IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JADE HETES, as personal representative of the
ESTATE OF KEITH RICHARD KOSIROG,
deceased, and as guardian of LUKE KOSIROG-
HETES and JAGGER KOSIROG-HETES,
minors,

      Plaintiff,

    v.                                          Civ. No. 19-1176 JMC/SCY

CENTRAL NEW MEXICO CORRECTIONAL
FACILITY, STATE OF NEW MEXICO, NEW
MEXICO CORRECTIONS DEPARTMENT,
WARDEN KEN SMITH, DAVID SELVAGE,
WENDY PRICE, MARCIA ESQUIBEL, GAIL
ROBERTSON, MICHAEL MCCOY, and
TYSON WILLIAMSON,

      Defendants.

## ORDER FOR DEPOSITION OF WARDEN KEN SMITH

This matter comes before the Court on Defendants' Motion To Stay Discovery Pending Resolution Of Motion For Summary Judgment On Count I Of Plaintiff's Fourth Amended Complaint And For Qualified Immunity And Supporting Memorandum, filed on July 1, 2020 by Defendants Central New Mexico Correctional Facility, State of New Mexico, New Mexico Corrections Department, Warden Ken Smith, David Selvage, Wendy Price, Marcia Esquibel, Gail Robertson, Michael McCoy, and Tyson Williamson (Doc. 35). Plaintiff responded in opposition on October 23, 2020 (Doc. 47) and Defendants filed their reply on November 9, 2020 (Doc. 60). The Court held a hearing on the motion on December 16, 2020 (Doc. 80, clerk's minutes).

The Court previously took the motion under advisement in part as it pertained to

Plaintiff's request of a limited deposition of Defendant Warden Ken Smith. The Court now grants Plaintiff's request. At the hearing, the parties agreed that the Defendants' motion for summary judgment (Doc. 37 at 11-18) contains a *Monell* argument as well as a qualified immunity argument. For the reasons explained on the record at the hearing, the Court denied Defendants' motion to stay discovery pending resolution of the qualified immunity argument.

At the hearing, the parties agreed that the deposition of the Warden is relevant only to the *Monell* argument. The Court orders the deposition of the warden because Defendant's summary judgment argument is premised on the absence of evidence in support of Plaintiff's case, but the motion was filed before Plaintiff had an opportunity to develop a case by, for example, taking the relevant depositions. At the hearing, Defendants emphasized that Plaintiff has all the evidence in her possession relevant to the policies at the facility, but the Court agrees with Plaintiff that she should have an opportunity to develop her evidence with respect to the actual practices at the facility, rather than just the written policies.

The deposition shall be limited to two hours and the topic of the deposition shall be limited to the issues raised in Defendants' Motion For Summary Judgment On Count I Of Plaintiff's Fourth Amended Complaint And For Qualified Immunity And Supporting Memorandum (Doc. 37). The deadline to complete this deposition, subject to a request for an extension, is February 26, 2021.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE