IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JADE HETES, as personal representative of
The ESTATE OF KEITH RICHARD KOSIROG,
deceased, and as guardian of
LUKE KOSIROG-HETES and
JAGGER KOSIROG-HETES, minors,

      Plaintiff,

      v.                                          No. 1:19-cv-01176-JMC-SCY

CENTRAL NEW MEXICO CORRECTIONAL FACILITY,
STATE OF NEW MEXICO, NEW MEXICO CORRECTIONS DEPARTMENT,
WARDEN KEN SMITH, DAVID SELVAGE, WENDY PRICE,
MARCIA ESQUIBEL, GAIL ROBERTSON, MICHAEL MCCOY,
and TYSON WILLIAMSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE TO REFILING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT I OF PLAINTIFF'S FOURTH AMENDED COMPLAINT AND FOR QUALIFIED IMMUNITY; DEFENDANTS' MOTION TO DISMISS AND ALTERNATIVELY FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CONSTITUTIONAL AND TORT CLAIMS; AND DEFENDANT STATE OF NEW MEXICO'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW TORT CLAIMS**

Keith Richard Kosirog ("Kosirog") committed suicide while a pretrial detainee at the Central New Mexico Correctional Facility ("CNMCF"). Plaintiff Jade Hetes ("Plaintiff"), as personal representative for Kosirog's estate, alleges Defendants' failure to address Kosirog's mental health needs led to his death. Defendants move for summary judgment and dismissal based on qualified immunity and other grounds.

The Court denies without prejudice to refiling Defendants' Motion for Summary Judgment on Count I of Plaintiff's Fourth Amended Complaint and for Qualified Immunity [Doc. 37],

Defendants' Motion to Dismiss and Alternatively for Summary Judgment on Plaintiff's State Law Constitutional and Tort Claims [Doc. 38], and Defendant State Of New Mexico's Motion for Summary Judgment on Plaintiff's State Law Tort Claims [Doc. 39].

## I.   Procedural History

On January 15, 2019, Plaintiff filed a Complaint in the First Judicial District Court, Santa Fe County, New Mexico.[1] Docket No. 1–2. She later filed a Third Amended Complaint alleging, in part, "Violation of the Due Process Clause, Cruel and Unusual Punishment and Inhumane Conditions of Confinement against NMCD Defendants." *Id.* Defendants timely removed the case to federal court, arguing federal question jurisdiction over the § 1983 claims and supplemental jurisdiction over the state law claims. *Id.*

Plaintiff then filed a Fourth Amended Complaint alleging five counts against the remaining Defendants: (1) Violation of the Due Process Clause, Cruel and Unusual Punishment, and Inhumane Conditions of Confinement against NMCD Defendants; (2) Negligent Operation of CNMCF against NMCD; (3) Medical Malpractice against NMCD and John Does 1-10; (4) Negligent Operation of Medical Facility against NMCD; and (5) Negligence in monitoring Centurion Correctional Healthcare against NMCD, the State of New Mexico, Warden Ken Smith, Wendy Price, and David Selvage. Docket No. 33. In response to Plaintiff's Fourth Amended Complaint, Defendants filed the three motions at issue. Docket Nos. 37, 38, 39. The parties now have fully briefed these motions, and they are ripe for disposition.

---

[1] Plaintiff's first complaint brought claims for Wrongful Death; Breach of Contract; Medical Malpractice; Negligence; Negligent Hiring, Training and Supervision; Negligent Operation of a Correctional Facility; Res Ipsa Loquitor; Punitive Damages; and Loss of Consortium. *See* Cause No. D-101-CV-2019-00113.

On December 16, 2020, Judge Yarbrough, the magistrate judge to whom this case is referred for discovery matters, granted in part, denied in part, and took under advisement in part Defendants' Motion to Stay Discovery pending the Court's resolution of their Motion for Summary Judgment on Count I of Plaintiff's Fourth Amended Complaint and for Qualified Immunity [Doc. 81]. Judge Yarbrough permitted Plaintiff to take the depositions of Defendants Marcia Esquibel ("Defendant Esquibel"), Michael McCoy ("Defendant McCoy"), and Tyson Williams ("Defendant Williams"), and set a deadline for completion of February 12, 2021. Docket No. 81, at 2. Plaintiff noticed these depositions for February 12, 2021. Docket No. 85, Ex. G, H, I. On January 20, 2021, Judge Yarbrough also ordered the limited deposition of Defendant Warden Ken Smith ("Defendant Smith") and set a deadline for completion of February 26, 2021. Docket No. 82, at 1–2. Plaintiff noticed Defendant Smith's deposition for February 12, 2021, as well. Docket No. 85, Ex. J.

On February 9, 2021, Defendants' counsel notified Plaintiff's counsel that she had learned of previously undisclosed documents that might be relevant to the depositions. Docket No. 84, at 1. As of February 10, 2021, Defendants' counsel still was compiling the documents for disclosure. *Id.* So the parties requested that Judge Yarbrough extend the deadline to complete the depositions. *Id.* Judge Yarbrough obliged, setting a new deadline of April 12, 2021. *Id.* at 1–2.

II. Analysis

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Maxey by Maxey v. Fulton*, 890 F.2d 279, 282–83 (10th Cir. 1989). "Discovery orders entered when the defendant's immunity claim turns at least partially on a factual question . . . and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable or overly broad." *Id.* at

283.  So although a court "may grant pre-discovery summary judgment on the basis of qualified immunity," it also may issue a "discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Stonecipher v. Valles*, 759 F.3d 1134, 1149 (10th Cir. 2014).

The depositions of Defendants Esquibel, McCoy, Williams, and Smith may bring to light facts necessary to rule on Defendants' pending motions for summary judgment and dismissal. Because Judge Yarbrough has extended discovery through at least April 12, 2021, the Court denies without prejudice to refiling Defendants' motions for summary judgment [Doc. 37 and Doc. 39] and Defendant's Motion to Dismiss and Alternatively for Summary Judgment [Doc. 38].  Should the parties elect to do so, they may file any renewed motions for summary judgment on or before May 14, 2021.  The Court permits both parties to reframe their issues at refiling if necessary.  This new deadline supersedes any conflicting scheduling order, but only to the extent of such conflict.

IT IS SO ORDERED.

Entered for the Court
this the 22nd day of March, 2021

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation