IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JADE HETES, as personal representative of
The ESTATE OF KEITH RICHARD KOSIROG,
deceased, and as guardian of
LUKE KOSIROG-HETES and
JAGGER KOSIROG-HETES, minors,

      Plaintiff,

      v.                                          No. 1:19-cv-01176-JMC-SCY

CENTRAL NEW MEXICO CORRECTIONAL FACILITY,
STATE OF NEW MEXICO, NEW MEXICO CORRECTIONS DEPARTMENT,
WARDEN KEN SMITH, DAVID SELVAGE, WENDY PRICE,
MARCIA ESQUIBEL, GAIL ROBERTSON, MICHAEL MCCOY,
and TYSON WILLIAMSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S EIGHTH AMENDMENT CLAIM AND
NEW MEXICO CONSTITUTIONAL CLAIM FOR CRUEL AND UNUSUAL
PUNISHMENT**

      Keith Richard Kosirog ("Kosirog") committed suicide while a pretrial detainee at the Central New Mexico Correctional Facility ("CNMCF").  Plaintiff Jade Hetes ("Plaintiff"), as personal representative for Kosirog's estate, alleges Defendants' failure to address Kosirog's mental health needs led to his death.  Because CNMCF held Kosirog as a pretrial detainee, Defendants move for dismissal of Plaintiff's Eighth Amendment claims.  The Court grants Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim and New Mexico Constitutional Claim for Cruel and Unusual Punishment [Doc. 36].

I. Procedural History

On January 15, 2019, Plaintiff filed a Complaint in the First Judicial District Court, Santa Fe County, New Mexico.[1]  Docket No. 1–2.  She later filed a Third Amended Complaint alleging, in part, "Violation of the Due Process Clause, Cruel and Unusual Punishment and Inhumane Conditions of Confinement against NMCD Defendants." *Id.*  Defendants timely removed the case to federal court arguing federal question jurisdiction over the § 1983 claims and supplemental jurisdiction over the state law claims.  *Id.*

Plaintiff then filed a Fourth Amended Complaint alleging five counts against the remaining Defendants: (1) Violation of the Due Process Clause, Cruel and Unusual Punishment, and Inhumane Conditions of Confinement against NMCD Defendants; (2) Negligent Operation of CNMCF against NMCD; (3) Medical Malpractice against NMCD and John Does 1-10; (4) Negligent Operation of Medical Facility against NMCD; and (5) Negligence in monitoring Centurion Correctional Healthcare against NMCD, the State of New Mexico, Warden Ken Smith, Wendy Price, and David Selvage.  Docket No. 33.  In response to Plaintiff's Fourth Amended Complaint, Defendants moved to dismiss Plaintiff's Eighth Amendment claim and New Mexico Constitutional claim for cruel and unusual punishment.  Docket No. 36.  The parties have fully briefed this motion, and it is ripe for disposition.

II. Facts

In 2018, officers arrested Kosirog and held him as a pretrial detainee in Quay County Jail.  Docket No. 33 at 6.  Over the course of Kosirog's life, medical professionals diagnosed him with

---

[1]  Plaintiff's first complaint brought claims for Wrongful Death; Breach of Contract; Medical Malpractice; Negligence; Negligent Hiring, Training and Supervision; Negligent Operation of a Correctional Facility; Res Ipsa Loquitor; Punitive Damages; and Loss of Consortium.  *See* Cause No. D-101-CV-2019-00113.

Post Traumatic Stress Disorder, Delusional Disorder, and Bipolar Disorder. *Id.* at 2. So after his arrest in 2018, the court transferred Kosirog from Quay County Jail to CNMCF because Kosirog "require[d] specialized care" that Quay County could not provide. *Id.* at 7. Kosirog remained in custody of CNMCF as a pretrial detainee until December 2, 2018, when he hanged himself. *Id.* at 2, 12–13.

### III.    Applicable Law

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint *after* taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). So to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Eighth Amendment "applies to those who have been convicted of crime. . ." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). On the other hand, the Fourteenth Amendment protects pretrial detainees. *Brown v. Flowers*, 964 F.3d 1178, 1182 (10th Cir. 2020). But "[t]he Fourteenth Amendment's Due Process Clause entitles pretrial detainees to the same standard of medical care that the Eighth Amendment requires for convicted inmates." *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (citing *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020)).

### IV.    Analysis

Because Kosirog was a pretrial detainee, Plaintiff's claims arise under the Fourteenth Amendment, not the Eighth Amendment. *Brown*, 964 F.3d at 1182. And Plaintiff concedes as much, noting that she "is not entitled to recover damages under the [Eighth] Amendment or the N.M. Const. Article II, § 13." Docket No. 48 at 4. Still, Plaintiff argues that the Court should not

dismiss her claim because pretrial detainees are entitled to the same protection afforded convicted prisoners under the Eighth Amendment. So, she argues, the Court should employ an Eighth Amendment analysis. No one disputes that the Constitution affords pretrial detainees protection or that the Fourteenth Amendment standard for medical care applies in this case. But Plaintiff does not and cannot allege Kosirog was a prisoner under the Eighth Amendment. Because Plaintiff has not alleged facts sufficient to state a violation of that Amendment, the Court dismisses Plaintiff's Eighth Amendment claim for cruel and unusual punishment. Plaintiff also concedes she is not entitled to recover damages under N.M. Const. Article II, § 13. Docket No. 48 at 4. So the Court also dismisses Plaintiff's New Mexico Constitution claim for cruel and unusual punishment. To the extent Count I contains claims other than those arising under the Eighth Amendment or N.M. Const. Article II, § 13, those claims survive dismissal.

V. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Eighth Amendment Claim and New Mexico Constitutional Claim for Cruel and Unusual Punishment [Doc. 36].

IT IS SO ORDERED.

Entered for the Court
this the 22nd day of March, 2021

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation